UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PRIMUS GREGORY SLOAN, a/k/a Greg;
ELLIOT PEACE; EMERSON HUNTER;
GLADYS NORMAN; MICHAEL NORMAN;
DEREK MOORE; AUSTIN MALLOY;
DON JONES, and others similarly
situated,

*Plaintiffs-Appellants,*

and

No. 01-1410

HERBERT H. NESBIT, JR.; WILLIAM L.
FLEMING, JR.,

*Plaintiffs,*

v.

WINN-DIXIE RALEIGH, INCORPORATED,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-98-502-5-H-3)

Argued: December 5, 2001

Decided: January 22, 2002

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Richard Woodson Rutherford, RUTHERFORD & ASSO-CIATES, Raleigh, North Carolina, for Appellants. R. Lawrence Ashe, Jr., PAUL, HASTINGS, JANOFSKY & WALKER, L.L.P., Atlanta, Georgia, for Appellee. **ON BRIEF:** T. Robert Reid, PAUL, HAS-TINGS, JANOFSKY & WALKER, L.L.P., Atlanta, Georgia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Plaintiffs, Nesbit and several other named individuals, on behalf of themselves and others similarly situated, filed a complaint against Winn-Dixie Raleigh, Inc., in federal district court in North Carolina in 1998, alleging race discrimination in promotions for supervisory positions in Winn-Dixie stores. Winn-Dixie moved to dismiss based on *res judicata*, claiming that plaintiffs, with the exception of Nesbit, failed to opt out of a race and gender class action settlement in *Dorman* v. *Winn-Dixie Stores*, 99-72-CIV-J-21B (M.D. Fla.) ("*Dorman*"), which concluded a lawsuit filed in 1996. The motion was granted, and plaintiffs filed a motion to reconsider. Before ruling on that motion, the district court ordered plaintiffs to file a motion for class certification, which the district court thereafter denied as untimely. Subsequently, the district court denied plaintiffs' motion for reconsideration. Plaintiffs appeal the denial of both motions.

I.

Appellants claim that the district court erred in concluding that they failed to opt out of the *Dorman* settlement and that they failed to plead any claims not precluded by the *Dorman* judgment.

According to the district court's order in *Dorman*:

> Potential class members who wish to exclude themselves
> from membership in the Settlement Class for purposes of
> participation in the monetary portion of the settlement must
> do so in writing by filing with the Clerk of Court *a signed
> and dated handwritten* "Opt-Out" Statement.

J.A. 279 (emphasis added). The Opt-Out Statement was to contain
particular language reciting that an individual is a settlement class
member; that he wishes to opt out; and that he understands the conse-
quences for his rights to relief if he chooses to opt out. *Id*. Appellants
concede that they did not comply with these requirements, but now
offer three theories as to why their claims are not barred by the *Dor-
man* judgment. Under the first two theories, they seek to establish that
they did in fact opt out, and under the third, they argue that they pled
claims not precluded by the *Dorman* settlement.

First, they contend that they actually opted out of the *Dorman* set-
tlement because Nesbit, the "chairman of the group," tried to opt out
on behalf of himself and the group. However, class representatives
cannot opt out on behalf of other putative class members. *See*, *e.g.*,
*Hanlon* v. *Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998); *In
re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 439 (S.D. Tex. 1999).
Because none of the individuals, except Nesbit himself, signed the
handwritten opt-out statement, as required by the district court in
*Dorman*, their claims are barred by *res judicata*.

Appellants' second theory, that the maintenance of their suit in
North Carolina was adequate notice of their desire to opt out of the
*Dorman* class action in Florida, also lacks any legal support. *See*, *e.g.*,
*Holmes* v. *CSX Transport*, 1999 WL 447087, *4 (E.D. La. 1999).
Appellants' reliance on *McCubbrey* v. *Boise Cascade Home & Land
Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976), is unavailing. Although the
court there did say that *filing* of a separate lawsuit during the exclu-
sion period was a sufficient opt-out notice, it said nothing about the
sufficiency of *maintenance* of a separate lawsuit, which was initiated
prior to the receipt of the proposed settlement, as an opt-out notice.

Finally, appellants attempt to avoid the preclusive effect of the
*Dorman* judgment by arguing that they pled claims that were not
barred by that judgment. The *Dorman* judgment did not bar alleged

racial harassment or hiring claims, but did bar alleged discrimination for discharge or general retaliation claims. J.A. 147-48.[1] However, appellants failed to plead properly any claims that were not covered by the *Dorman* judgment. J.A. 22-23. The district court did not err in rejecting appellants' attempt, "after the response time to the dismissal motion had expired and after the motion was submitted to the court," in a submission "addressing another motion," to allege claims (such as racial harassment, retaliation and failure to hire) not precluded by the *Dorman* settlement.

Because appellants did not opt out and because their claims are barred by *res judicata*, the district court did not err in dismissing the claims in their entirety.[2]

## *CONCLUSION*

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*

---

[1]The following claims were covered by the settlement:

> unlawful *discrimination* against associates on the basis of their sex, gender and/or race, including, but not limited to, retaliation against an associate because he or she has opposed practices he or she believes in good faith to constitute unlawful sex, gender and/or race discrimination or has participated in processes designed to obtain relief for alleged unlawful sex, gender or race discrimination.

J.A. 129 (emphasis added). The following claims were *not* released:

> (a) alleged sexual or racial *harassment*; (b) retaliation for asserting claims of unlawful sexual or racial harassment, and/or (c) alleged unlawful gender or race discrimination in not being hired by Stores or one of the retail operating companies.

J.A. 148 (emphasis added); *see also* J.A. 129 (listing these three types of claims and "retaliation for participation in a process designed to obtain relief for alleged sexual or racial harassment").

[2]Our disposition renders unnecessary a discussion of appellants' challenge to the district court's denial of class certification.